UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TINA MADLEM ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| NORTH SHORE ) | |
| TRANSPORTATION, INC. ) | |
| ) | **JURY DEMAND** |
| Defendant. ) | **ENDORSED HEREON** |

## COMPLAINT

Plaintiff Tina Madlem ("Plaintiff") alleges as follows for her Complaint against Defendant North Shore Transportation, Inc. ("Defendant"):

1. Plaintiff worked for Defendant from approximately February 9, 2015 through May 11, 2017 as a Dispatcher.

2. Defendant's revenues exceeded $500,000 per year.

3. Defendant is an enterprise engaging in interstate commerce.

4. This Court has subject matter jurisdiction over the claims and parties raised in this Complaint pursuant to the Fair Labor Standards Act, 20 U.S.C. Sections 201, *et seq*.

5. This Court has personal jurisdiction over the claims and parties to this action.

6. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in the Northern District of Ohio because it is the district in which Defendant resides and separately because a substantial part of the events giving rise to Plaintiff's claims occurred in that district.

8. Plaintiff consents to become a party plaintiff in this action and has attached her written consent hereto as Exhibit A.

9. Defendant was the employer of Plaintiff.

10. Defendant violated the Fair Labor Standards Act by not paying Plaintiff overtime wages for certain hours worked over forty a week.

11. Plaintiff was not compensated for time working through lunch.

12. Defendant automatically deducted time for lunch, even though Plaintiff did not take a lunch break.

13. Plaintiff was not compensated for work performed at home. Not only would she draft reports at home, but during periods of her employment the phones were forwarded to her while she was at home and she was responsible for answering calls and performing other work at home.

14. Plaintiff has hired the undersigned counsel and has agreed to pay reasonable attorney's fees and costs if they are successful on one or more of the claims set forth herein.

## COUNT I
## UNPAID OVERTIME

15. Plaintiff re-alleges each allegation set forth in paragraphs 1-14 above.

16. Defendant is required to comply with the overtime requirements set forth in the the Fair Labor Standards Act, 29 U.S.C. Sections 201, *et seq*.

17. Defendant has violated the Fair Labor Standards Act because Plaintiff frequently worked more than 40 hours per week and Defendant did not pay Plaintiff time and a half overtime wages for all hours worked in excess of the 40-hour workweek.

18. Defendant's conduct with regard to not paying overtime to Plaintiff was willful.

19. Plaintiff has been damaged by Defendant's nonpayment of overtime wages.

20. Plaintiff is entitled to liquidated damages of one times unpaid overtime compensation pursuant to the Fair Labor Standards Act.

21. Defendant is liable for the costs and reasonable attorney's fees of Plaintiff pursuant to the Fair Labor Standards Act.

## COUNT II
## UNJUST ENRICHMENT

22. Plaintiff re-alleges each of allegation set forth in paragraphs 1-21 above.

23. Plaintiff performed work for Defendant without compensation during "lunch" and at home.

24. Defendant was aware that Plaintiff performed work without compensation.

25. Plaintiff conferred a benefit upon Defendant, and gave the benefit with Defendant's knowledge, by working for Defendant off-the-clock without compensation.

26. Defendant's retention of the benefit of Plaintiff's work for Defendant is unjust under the circumstances.

27. Plaintiff has been damaged by Defendant's unjust enrichment.

WHEREFORE, Plaintiff demands judgment against Defendant for his unpaid wages, liquidated damages, any other compensatory damages, prejudgment interest at the statutory rate, post-judgment interest, attorney's fees and costs, and all other relief to which she is entitled.

JURY TRIAL DEMANDED.

Respectfully submitted,

<u>/s/ Stephan I. Voudris</u>
Stephan I. Voudris, Esq.
Supreme Court No. 0055795
Brad Levine, Esq.
Supreme Court No. 0090286
Voudris Law LLC
8401 Chagrin Road, Suite 8
Chagrin Falls, OH 44023
svoudris@voudrislaw.com
blevine@voudrislaw.com
440-543-0670
440-543-0721 (fax)
*Counsel for Plaintiff*